**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

AMBER ZONA and BRIAN STAPLETON,
*on behalf of themselves and all other employees similarly*
situated,

                                                    *Plaintiffs,*

v.

CANANDAIGUA PUB INC.; and
RICHARD J. CARVOTTA
*individually and as Owner and Chief Executive Officer of Canandaigua Pub Inc.*;

                                        *Defendants.*

**CLASS AND COLLECTIVE ACTION COMPLAINT
AND DEMAND FOR JURY TRIAL**

**Civil Action No.**
**No.    -cv-**

Plaintiffs Amber Zona and Brian Stapleton ("Named Plaintiffs"), on behalf of themselves and all other persons similarly situated, known and unknown ("Plaintiffs"), through their attorneys Cordello Law, PLLC and Ferr & Mullin, P.C. bring this class and collective action complaint against Defendants Canandaigua Pub Inc. and Richard J. Carvotta individually and as Owner and Chief Executive Officer of Canandaigua Pub Inc. (collectively, "MacGregors" or "Defendants"). This lawsuit seeks to recover minimum wages, injunctive relief and declaratory relief to redress the deprivation of rights secured to the Named Plaintiff and similarly situated co-workers who work or have worked at Defendants' restaurants in New York State.

## NATURE OF CLAIM

1.      Defendants' policy is to pay Plaintiffs subminimum wage rates relying on the tip credit allowance when working as servers and bartenders.  Defendants' servers and bartenders are tasked with several duties including: greeting customers, taking orders, delivering food and drinks and processing payments.  Defendants' servers and bartenders have the ability to earn tips based on customer satisfaction.

2.      Named Plaintiffs brings this action on behalf of themselves and similarly situated current and former servers and bartenders pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") to remedy the violations of New York Labor Law ("NYLL") including: New York Minimum Wage Act, Article 19, § 650 *et seq.*, New York State Department of Labor Regulations, including, but not limited to: 12 N.Y.C.R.R. §§137-2.2 (repealed); 146-2.3; 146-1.3; 146-2.2.

3.      Named Plaintiffs also bring this action on behalf of themselves and other employees of Defendants, pursuant to Rule 23 to remedy violations of the NYLL and supporting New York State Department of Labor regulations, including NYLL § 195 and 12 N.Y.C.R.R. § 146-1.6.

4.      Named Plaintiffs also bring this action on behalf of themselves and similarly situated current and former servers and bartenders who elect to opt-in to this action pursuant to the Fair Labor Standards Act of 1938 as amended, 29 U.S.C. § 201 *et seq.* ("FLSA"), specifically, the collective action provision of 29 U.S.C. § 216(b). To date, in addition to the Named Plaintiffs, two individuals have already opted-in into this lawsuit.

5.      At all times relevant to the litigation, Defendants did not notify Plaintiffs and those similarly situated of New York Labor Law's tip credit provisions and the supporting regulations. *See* 12 N.Y.C.R.R. §§137-2.2 (repealed); 146-2.3; 146-1.3; 146-2.2.

6.      Moreover, Defendants' policy and pattern or practice did not notify its servers and bartenders of the FLSA's tip credit provision 29 U.S.C. § 203(m) and supporting Federal Regulations, including but not limited to 29 C.F.R. §516.4.

7.      In addition, neither Defendants nor any of the managers of Defendants' business provided requisite notice to Plaintiffs regarding the tip credit as required by the FLSA.

8.     Accordingly, Defendants are not entitled to pay Plaintiffs' subminimum wages under the FLSA and NYLL.

9.     At all times relevant to this litigation Defendants did not provide Plaintiffs and those similarly situated with written notices as required by NYLL § 195.

10.    At all times relevant to this litigation, Defendants had a policy of requiring servers and bartenders to perform work without being paid.

11.    At all times relevant to this litigation, Defendants failed to compensate Plaintiffs for one additional hour at the appropriate rate of pay on occasions when an individual Plaintiff's work day spanned in excess of ten hours.

12.    At all times relevant to this litigation, on occasions on which Plaintiffs that were paid subminimum wage worked in excess of forty hours in one work week, Defendants failed to compensate them at the legally required overtime premium of minimum wage times one-and-one-half.

## JURISDICTION AND VENUE

13.    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343 (3) and (4) conferring original jurisdiction upon this Court of any civil action to recover damages or to secure equitable relief under any Act of Congress providing for the protection of civil rights; under 28 U.S.C. § 1337 conferring jurisdiction of any civil action arising under any Act of Congress regulating interstate commerce; and under the Declaratory Judgment Statute, 28 U.S.C. § 2201; and under 29 U.S.C. § 216(b).

14.    This Court's supplemental jurisdiction of claims arising under the NYLL is also invoked.

15.     Venue is appropriate in the Western District of New York since the allegations arose in this District, Defendants do business in this District and the Plaintiffs reside in this District.

CLASS ACTION ALLEGATIONS

16.     The NYLL claims are properly maintainable as a class action under Rule 23.

17.     The Rule 23 classes consist of the following:

I. Wage Statement Class:  All current and former tipped employees who worked for Defendants from April 13, 2009 to present who were not provided wage statements, with each payment of wages, listing allowances claimed by Defendants as required by 12 N.Y.C.R.R. § 137-2.2 (repealed); 12 N.Y.C.R.R. § 146-2.3.

II. Wage Notice Class:  All current and former tipped employees working for Defendants from January 1, 2011 through present who were not provided wage notices that included the tip credit as required by 12 N.Y.C.R.R. §§ 146-1.3; 146-2.2.

III.  Overtime Class:  All current and former tipped employees who worked in excess of forty hours in one work week who were not paid for overtime hours at a rate of at least minimum wage times one-and-one-half.

IV.  Off The Clock Class:     All current and former tipped employees who were required to perform work subsequent to clocking out and during breaks for which they were clocked out and not paid.

V.  NYLL §195(1) Class:  All current and former employees, regardless of rate of pay, who did not receive the written notice required by NYLL §195(1)(a) at the time of hire for the period April 13, 2009 through present, or each subsequent January for the period April 13, 2009 through December 31, 2014.

VI.  NYLL §195(3) Class:  All current and former employees, regardless of rate of pay, who did not receive a statement with each payment of wages, as required by NYLL § 195(3).

VII.  Spread of Hours Class:  All current and former employees, regardless of rate of pay, whose work days, on any given day, spanned in excess of ten hours, as required by 12 N.Y.C.R.R. § 146-1.6.

18.     The class action is maintainable under subsections (1), (2), (3) and (4) of Rule 23(a).

19.     The number of putative subclass members is over 200.

20.     The Named Plaintiffs' claims share common issues of law and fact as to whether they were paid properly and have common claims that are typical of the claims of the Wage Statement Class, Wage Notice Class, Overtime Class, and Off The Clock Class members because they are or were employed by Defendants and paid subminimum wages.

21.     The Named Plaintiffs' claims share common issues of law and fact as to whether they received notices required by the NYLL and have common claims typical of the NYLL §195(1) and NYLL §195(3) Class members because they are or were employed by Defendants and were subject to the same payroll and hiring procedures.

22.     The Named Plaintiffs' claims share common issues of law and fact as to whether they were paid the required additional hour of pay for shifts that spanned in excess of ten hours and have common claims typical of the Spread of Hours Class members because they are or were employed by Defendants and were subject to the same payroll procedures.

23.     Common issues of law and fact predominate in this action because resolution of them will resolve a significant aspect of this litigation for each class member in one stroke including, but not limited to, the following:

- Whether Defendants violated the respective NYLL and supporting regulations by paying employees subminimum wages;

- Whether Defendants violated the NYLL and supporting regulations by failing to include the tip allowance it claimed on each wage statement as required by 12 N.Y.C.R.R. § 137-2.2 (repealed); 12 N.Y.C.R.R. § 146-2.3; and

- Whether Defendants violated the NYLL and supporting regulations by failing to include the tip credit in employee's wage notice as required by 12 N.Y.C.R.R. §§ 146-1.3; 146-2.2.

- Whether Defendants violated the NYLL and supporting regulations by failing to pay tipped employees for overtime hours at a rate of at least minimum wage times one-and-one half,.

- Whether Defendants violated the NYLL and supporting regulations by requiring tipped employees to work after clocking out and during breaks for which they were clocked out and not paid.

- Whether Defendants violated the NYLL by failing to provide written notices to all employees, regardless of rate of pay, as required by NYLL §195(1) and (3).

- Whether Defendants failed to compensate all employees, regardless of rate of pay, whose work day spanned in excess of ten hours for one additional hour.

24.    Further, there are no known conflicts of interest between the Named Plaintiffs and the class members.  Moreover, the Named Plaintiffs will adequately represent the interests of the class members because they are similarly situated to the class members.

25.    Class Counsel, Cordello Law, PLLC and Ferr & Mullin, P.C., are qualified and able to litigate the Plaintiffs' claims.

26.    The Class Counsel concentrates its practice in employment litigation, and its attorneys are experienced in class action litigation, including class actions arising under wage and hour laws.

27.    The class action is also maintainable under subsection (2) of Rule 23(b) because the Named Plaintiffs and the class members seek injunctive relief against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein.

28.     Moreover, the class action is maintainable under subsection (3) of Rule 23(b) because the Named Plaintiffs and class members seek to resolve common questions of law and fact (*see supra* ¶16 and 17) that predominate among the Named Plaintiffs and class members and the class action is superior to other available methods for the fair and efficient adjudication of the controversy.  The class action is also maintainable under Rule 23(c)(4) because resolution of common issues will significantly advance the litigation or entitle Plaintiffs to injunctive relief.

## COLLECTIVE ACTION ALLEGATIONS

29.     Named Plaintiffs bring this action on behalf of themselves and all other similarly situated employees as authorized under 29 U.S.C. § 216(b).  The employees similarly situated for purposes of the collective action are:

> All Defendants' current and former employees who were paid a subminimum wage rate in the last three years and were not paid for all hours, not paid at the appropriate rate for overtime hours, and not properly informed of the tip credit.

30.     Defendants knowingly and willfully operate their business with a policy of not paying the FLSA minimum wage to the Named Plaintiffs and other similarly situated employees.

31.     At all times relevant to the litigation, Defendants' policy and pattern or practice did not notify the Named Plaintiffs and similarly situated employees of the FLSA's tip credit provision 29 U.S.C. § 203(m) and supporting federal regulations, including but not limited to 29 C.F.R. §531.59.  Accordingly, Defendants are not entitled to pay Plaintiffs subminimum wages under the FLSA.

32.     Further, Defendants are aware, or should have been aware, that federal law required them to provide requisite notice to tipped employees of their intent to pay them less than minimum wage as required by the FLSA.

33.     There are numerous similarly situated current and former tipped employees of Defendants who work or worked at Defendants' restaurants who would benefit from issuance of a Court supervised notice of the instant lawsuit and the opportunity to join in the present lawsuit.

34.     Similarly situated employees are known to Defendants and readily identifiable by Defendants through Defendants' payroll records.

35.     Therefore, the Named Plaintiffs should be permitted to bring this action as a collective action for and on behalf of those employees similarly situated pursuant to the opt-in provision of the FLSA, 29 U.S.C. § 216(b).

36.     Annexed hereto as Exhibit A are the written consents to filing this complaint duly executed by the Plaintiffs pursuant to 29 U.S.C. §216(b).

## PARTIES

### A.     Plaintiffs

#### *Named Plaintiff*

37.     Amber Zona was an employee of Defendants under the FLSA and NYLL, was employed within this District during the relevant time period, and resided within this District.

38.     Amber Zona worked for Defendants as a server from approximately December 2012 to June 2013 at Defendants' restaurant located at 607 Coldwater Rd., Rochester NY.

39.     Brian Stapleton was an employee of Defendants under the FLSA and NYLL, was employed within this District during the relevant time period, and resided within this District.

40.     Brian Stapleton worked for Defendants as a bartender from in or about October 2012 through approximately June 2013, at Defendants' restaurant located at 607 Coldwater Rd., Rochester NY.

41.    The Named Plaintiffs, along with other employees, were subject to Defendants' policy which paid the Plaintiffs at subminimum wages.

42.    At all relevant times relevant to the litigation, Defendants did not notify Plaintiffs and those similarly situated of the FLSA's tip credit provision 29 U.S.C. § 203(m) and supporting Federal Regulations, including but not limited to 29 C.F.R. §531.59.

43.    At all relevant times relevant to the litigation, Defendants did not notify Plaintiffs and those similarly situated of the NYLL's tip credit provision and the supporting New York State Department of Labor Regulations, including, but not limited to 12 N.Y.C.R.R. §§ 137-2.2; 146-1.3; 146-2.2; 146-2.3.

44.    Moreover the Defendants failure to provide Plaintiffs and those similarly situated with wage statements that complied with the requirements of NYLL.  For example, Plaintiffs and Class Members were not given wage statements that contained allowances claimed by Defendants including the tip credit as required by N.Y. Comp. Code R. & Regs., tit. 12, § 137-2.2 (repealed); N.Y. Code R. & Regs, tit. 12, § 146-2.3.

45.    Accordingly, Defendants are not entitled to pay Plaintiffs' subminimum wages under the FLSA or NYLL.

46.    Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to the Plaintiffs and other similarly situated employees.  In particular, Defendants sought to take a tip credit without satisfying the requisite statutory requirements of providing proper notice to employees and to inform them of the amount of tip credit allowance taken in each payment period, as required and New York State law.  Moreover, Defendants were investigated by the New York State Department of Labor for wage and hour violations, and thus were properly put on notice of

their invalid compensation schemes.   However, Defendants continued to ignore the law and failed to properly compensate Plaintiffs and other similarly situated even when they were put on notice that they had violated employee's rights after being investigated by the New York State Department of Labor in 2009.

47.     Named Plaintiffs were also subject to Defendants' policies that caused them to not be paid the correct hourly rate for overtime worked, not be compensated for one additional hour for days on which their work day spanned in excess of ten hours, and not be paid for all hours worked.

48.     Named Plaintiffs were also subject to Defendants' payroll and hiring policies that resulted in them not receive the written notices required by NYLL §195(1) and (3).

### *Class Members*

49.     As described in more detail below, Class Members (or "Plaintiffs") are those employees of any Defendants from April 13, 2009 to the date of judgment who are similarly situated to the Named Plaintiffs in that they were also subject to Defendants' illegal pay policies which fail to pay minimum wage, fail to pay the appropriate overtime rate, fail to pay the required premium for work days spanning more than ten hours, fail to pay employees for all hours worked, fail to notify employees of the tip credit, and fail to supply written notices as required by the NYLL, as set forth in more detail in this complaint.

### B.     Defendants

50.     At all times relevant hereto, Plaintiffs were "employees" of Defendants as defined by the NYLL, § 651 and the FLSA, 29 U.S.C. § 203(d).

51.     At all times relevant hereto, Defendants are "employer[s]" as defined in the NYLL, § 651, and the FLSA, 29 U.S.C. § 203(d).

52.     Defendants own and operate restaurants in New York State, are "enterprise[s]" as defined by the FLSA, 29 U.S.C. § 203(r)(1), and are enterprises engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.  29 U.S.C. §203(s)(1).

53.     Defendants' employees are engaged in interstate commerce, and their annual gross volume of sales made or business done exceeds $500,000, exclusive of excise taxes.

54.     During the course of their employment by Defendants, Plaintiffs handled goods, including perishable produce and other food and beverage products that moved in interstate commerce.

55.     Canandaigua Pub, Inc. was founded and incorporated in the State of New York on February 22, 1999.   It maintains corporate offices located at 759 South Main Street, Canandaigua, New York 14424.

56.     Canandaigua Pub, Inc. is a private company which, upon information and belief, is wholly owned and controlled by Richard J. Carvotta.

57.     Canandaigua Pub, Inc. currently owns and operates six (6) MacGregor's Grill and Tap Room restaurants in New York State in the following locations: Henrietta, Canandaigua, Gates, Penfield, Amherst and Greece.

58.     The MacGregor's Grill and Tap Room restaurants owned and operated by Canandaigua Pub, Inc. vary somewhat in size and dimensions, but, on average, the typical restaurant has between 25 and 40 tables and can serve between 110 and 175 guests at one time. On a typical high-volume night such as Friday night, the restaurant can turn over every table in the restaurant to new customers about once every hour.

59.     Individuals can apply for positions at any of the MacGregors Grill and Tap Room locations via www.macgregorsgrillandtaproom.net.

60.     In addition, the public can find Defendants' locations, menus and specials for each location at www.macgregorsgtr.com.

61.     The public can also join a "Beer Club" at either of the aforementioned websites, allowing them to accumulate points to redeem for merchandise based upon purchases at all Defendants' locations.

62.     Based on these facts, Canandaigua Pub, Inc. can be held liable as an employer of Plaintiffs' for violations complained of in this matter.

### Richard J. Carvotta

63.     Richard J. Carvotta is the founder and, upon information and belief, the sole owner of Canandaigua Pub Inc.

64.     Defendant Carvotta is the Chief Executive Officer for Canandaigua Pub, Inc.

65.     Defendant Carvotta is directly in charge of the overall operations of the MacGregor's Grill and Tap Room restaurants.

66.     As such, Carvotta is primarily responsible for implementing business decisions as they pertain to MacGregor Grill and Tap Room restaurants, including but not limited to decisions concerning company labor guidelines, budgets, and other financial controls.

67.     Defendant Carvotta routinely visits all MacGregors's Grill and Tap Rooms to observe operations and speak to employees about their job duties.

68.     Defendant Carvotta is a very hands on owner of all MacGregor's Grill and Tap Rooms and is involved with selecting menu items and beer offerings.

69.     Based on these facts, Carvotta can be held liable as employer of Plaintiffs for violations complained of in this matter.

## COUNT I
### Violation of the New York Labor Law – Minimum Wages
### Class Action

70.     Plaintiffs hereby reallege and incorporate paragraphs 1 through 69 of this Complaint.

71.     This count arises from Defendants' willful violation of the NYLL, New York Minimum Wage Act, Article 19, § 650 et seq., for Defendants' failure to pay Named Plaintiffs and the class of employees that they seek to represent all their earned minimum wages. Named Plaintiffs and the class are current and former employees of Defendants who are due, and who have not been paid, minimum wages under the provisions of the NYLL. Plaintiffs bring Count I as a class action under Rule 23.

72.     Defendants have a practice of paying Plaintiffs subminimum wages.

73.     Defendants also failed to provide written notice of the tip credit or allowance to Plaintiffs and Class Members as required under New York State law.

74.     Defendants required Plaintiffs, and those similarly situated, to perform work during breaks for which they were clocked out and not paid. Specifically, Defendants required tipped employees to clock out for mandatory breaks, but to continue to wait on Defendants' customers during the unpaid time.

75.     Defendants required Plaintiffs, and those similarly situated, to perform work after having clocked out. Specifically, tipped employees were required to clock out and then wait for the manager to check their work, go over end-of-shift paperwork, count money and receipts, and then release them to leave. Such unpaid time was routinely in excess of fifteen minutes.

76.     Defendants also failed to pay tipped employees for overtime hours at a rate of at least minimum wage times one-and-one half, less any tip allowance to which Defendant was entitled.

77.     Defendants' practices violate the minimum wage provisions of the NYLL.

78.     Plaintiffs will seek to certify Count I as a class action, and ask the Court to determine the rights of the class, enjoin the illegal conduct, order the payment of other damages due, and to direct Defendants to account for all back wages, penalties and prejudgment interest thereon due to the Plaintiff and the class that they seek to represent.

79.     Count I is brought as a class action because the Class Members similarly situated to the Named Plaintiffs are so numerous that joinder of all members is impracticable.   Named Plaintiffs therefore bring this action on their own behalf as aggrieved employees, and in their representative capacities, against Defendants.   Named Plaintiffs and similarly-situated persons are equally affected by the minimum wage violations of Defendants, and the relief sought is for the benefit of the Named Plaintiffs and the class that the Named Plaintiffs seek to represent.

80.     The issues involved in this lawsuit present common questions of law and fact. These common questions of law and fact predominate over the variations which may exist between members of the classes, if any.   The Named Plaintiffs and the class of similarly-situated persons on one hand, and Defendants on the other, have a commonality of interest in the subject matter and remedy sought, namely owed minimum wages plus penalties, interest, attorneys' fees and the cost of this lawsuit.   The individual Named Plaintiffs believe and assert that they are able to fairly and adequately represent and protect the interests of the class.   If individual actions were required to be brought by each of the similarly-situated persons injured or affected, it would necessarily result in multiplicity of lawsuits, creating a hardship to the individuals, to the Court,

- 14 -

and to Defendants. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the class is entitled.

81.     The books and records of Defendants are material to Plaintiffs' action as they disclose certain of the hours worked by each employee and the rate of pay for that work.

82.     Defendants violated the NYLL by failing to compensate Plaintiffs and members of the class consistent with the minimum wage provisions.

**COUNT II**
**Violation of the New York Labor Law – Required Notices**
**Class Action**

83.     Plaintiffs hereby reallege and incorporate paragraphs 1 through 82 of this Complaint.

84.     This count arises from Defendants' willful violation of the NYLL, New York Minimum Wage Act, Article 19, §195, for Defendants' failure to provide written notice to all employees, regardless of rate of pay, as required by NYLL §195(1)(a) at the time of hire for the period April 13, 2009 through present, or each subsequent January for the period April 13, 2009 through December 31, 2014. In addition, Defendants failed to provide each employee with a statement with each payment of wages, as required by NYLL §195(3). Plaintiffs bring Count II as a class action under Rule 23.

**COUNT III**
**Violation of the New York Labor Law – Spread of Hours**
**Class Action**

85.     Plaintiffs hereby reallege and incorporate paragraphs 1 through 84 of this Complaint.

86.     This count arises from Defendants failure to pay all employees, regardless of rate of pay, for days on which their work day spanned in excess of ten hours. Plaintiffs bring Count III as a class action under Rule 23.

WHEREFORE, Plaintiffs and the class pray for judgment with respect to Counts I, II, and III against Defendants as follows:

(a)     an order preliminarily and permanently restraining Defendants from engaging in the aforementioned pay violations;

(b)     an award of the value of Plaintiffs' and Class Members' unpaid wages and overtime;

(c)     an award equal to one hour of pay for each work day spanning in excess of ten hours;

(d)     an award crediting Plaintiffs and Class Members for all hours worked;

(e)     an award of fifty dollars for each week that Defendants violated NYLL § 195(1), not to exceed twenty-five hundred dollars;

(f)     an award of one hundred dollars for each week that Defendants violated NYLL § 195(3), not to exceed twenty-five hundred dollars;

(g)     an additional amount as liquidated damages up to one-hundred percent of the total amount of wages found to be due;

(h)     an award of reasonable attorneys' fees, expenses, expert fees and costs incurred in vindicating Plaintiffs' and Class Members' rights;

(i)     an award of pre- and post-judgment interest;

(j)     the amount equal to the value which would make Plaintiffs and Class Members whole for the violations; and

such other and further legal or equitable relief as this Court deems to be just and appropriate.

## COUNT IV
### Violation of the Fair Labor Standards Act – Minimum Wages
### Section 216(b) Collective Action

87.   Plaintiffs hereby reallege and incorporate paragraphs 1 through 86 of this Complaint.

88.   This count arises from Defendants' willful violation of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, for their failure to pay minimum wages to the Plaintiffs.  Plaintiffs bring this claim as a collective action under Section 16(b) of the Act.  29 U.S.C. §216(b).

89.   Plaintiffs are not exempt from the minimum wage provisions of the Fair Labor Standards Act.

90.   Defendants failed to provide notice of the tip credit to Plaintiffs and Class Members as required under federal law.

91.   Defendants required Plaintiffs, and those similarly situated, to perform work during breaks for which they were clocked out and not paid. Specifically, Defendants required tipped employees to clock out for mandatory breaks, but to continue to wait on Defendants' customers during the unpaid time.

92.   Defendants required Plaintiffs, and those similarly situated, to perform work after having clocked out. Specifically, tipped employees were required to clock out and then wait for the manager to check their work, go over end-of-shift paperwork, count money and receipts, and then release them to leave. Such unpaid time was routinely in excess of fifteen minutes.

93.   Defendants also failed to pay tipped employees for overtime hours at a rate of at least minimum wage times one-and-one half.

94.   Defendants' practices violate the minimum wage provisions of the FLSA.

95.     Because the Plaintiffs were all deprived minimum wage payments by the Defendants' policy, Plaintiffs are similarly situated to each other pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

(a)     judgment in the amount of the owed minimum wages and overtime for all time worked by Plaintiffs and those employees who join this lawsuit;

(b)     an injunction against defendants and their officer, agents, successors, employees, representatives and any all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

(c)     liquidated damages in an amount equal to the amount of unpaid minimum wages;

(d)     an award crediting Plaintiffs and Class Members for all hours worked;

(e)     an award of reasonable attorneys' fees, expenses, expert fees and costs incurred in vindicating Plaintiffs' and Class Members' rights;

(f)     an award of pre- and post-judgment interest; and

(g)     such other and further relief as this Court deems just and proper pursuant to the FLSA.

## JURY DEMAND

Plaintiffs demand a jury to hear and decide all issues of fact in accordance with Federal

Rule of Civil Procedure 38(b).

Dated: April 10, 2015

**CORDELLO LAW PLLC**

By: _____

Justin M. Cordello, Esq.
*Attorney for Plaintiffs*
693 East Avenue, Suite 220
Rochester, New York 14607
Telephone: (585) 857-9684
justin@cordellolaw.com

FERR & MULLIN, P.C.

By: _____

Robert Mullin, Esq.
*Attorney for Plaintiffs*
7635 Main Street Fishers
P.O. Box 440
Fishers, New York 14453
Telephone: (585) 869-0210
rlmullin@ferrmulinlaw.com

# EXHIBIT
# A

# CONSENT TO BECOME A PARTY PLAINTIFF

I consent to become a "party plaintiff," including if appropriate a named or representative plaintiff in any lawsuit that is filed seeking payment of unpaid wages, reimbursement of illegal deductions, and related relief against my employer(s), on behalf of myself and other former and current employees of the employer(s).

| I am/was employed by MacGREGORS' Grill & Tap Room |
| --- |

I authorize the representative plaintiffs or plaintiffs' counsel to file this consent with the Clerk of the Court. I hereby further authorize the named plaintiffs to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, including any settlement and, therefore, the entering into of an agreement with plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

_Alison Brink_
Signature

_12, 15, 14_
Date

_Alison C Brink_
Print Full Legal Name

# CONSENT TO BECOME A PARTY PLAINTIFF

I consent to become a "party plaintiff," including if appropriate a named or representative plaintiff in any lawsuit that is filed seeking payment of unpaid wages, reimbursement of illegal deductions, and related relief against my employer(s), on behalf of myself and other former and current employees of the employer(s).

| I am/was employed by MacGREGORS' Grill & Tap Room |
|---|

I authorize the representative plaintiffs or plaintiffs' counsel to file this consent with the Clerk of the Court. I hereby further authorize the named plaintiffs to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, including any settlement and, therefore, the entering into of an agreement with plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

_____     12 / 14 / 2014
Signature                                                    Date

AMANDA  MICHELLE  MENGEL
Print Full Legal Name