UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

AMBER ZONA, et al.,

        Plaintiffs,

vs.

CANANDAIGUA PUB, INC., et al.,

        Defendants.

DECISION AND ORDER
15-CV-6213

---

**Siragusa, J.** Before the Court is Plaintiffs' unopposed motion seeking final approval of the class and collective action settlement agreement. For the reasons stated below, the application is granted.

By way of background, this case involves claims by former employees of Defendants alleging that Defendants: failed to provide tipped employees with proper wage payment notices; failed to provide tipped employees with proper wage statements; failed to pay hourly employees a "spread of hours" premium; and failed to pay hourly employees for all time worked, and that such practices violated the federal Fair Labor Standards Act ("FLSA") and the laws of New York, and that Plaintiffs therefore were entitled to recover unpaid wages and other damages.

Pursuant to *City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974), in determining whether to approve a class and collective settlement, the Court must consider the following factors:

    (1) the complexity, expense and likely duration of the litigation;

    (2) the reaction of the class to the settlement;

(3) the stage of the proceedings and the amount of discovery completed;

(4) the risks of establishing liability;

(5) the risks of establishing damages;

(6) the risks of maintaining the class action through the trial;

(7) the ability of the defendants to withstand a greater judgment;

(8) the range of reasonableness of the settlement fund in light of the best possible recovery;

(9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

*Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 117 (2d Cir. 2005) (quoting *Grinnell*, 495 F.2d at 463) (citations omitted).

First, the Court must look at the complexity, expense, and likely duration of the action. In this action, brought under the Fair Labor Standards Act, it is likely that without a settlement, complex issues of standing and class certification would have drawn out the litigation and increased expenses. Absent settlement, this case would likely have taken significantly longer to reach resolution and at much greater expense to the parties. This factor weighs in favor of approval of the settlement.

Next, the Court must evaluate the potential classes' reaction to the proposed settlement. In this case, only one class member has opted out (by failing to meet the deadline for filing a claim) and no class member has objected. This factor weighs heavily in favor of approval of the settlement.

Next, the Court must evaluate whether sufficient investigation has already taken place in order to permit the Court to appraise the settlement terms. The history of this case, which has been in progress for over one year, shows that the parties have significantly explored the issues, have assessed the discovery produced and explored the po-

tential weaknesses and strengths of each side prior to coming to the proposed resolution. Further, the Court conducted a fairness hearing on July 12, 2016, at which no class member appeared to object to the proposed settlement. This factor weighs in favor of approval of the proposed settlement.

Next, the Court notes the risks on each side of the case and must weigh the likelihood of Plaintiffs' success versus the relief offered by the proposed settlement. One issue strongly argued by Defendants is the issue of statutory and constitutional standing made in their motion to dismiss. If Defendants prevailed on that argument, Plaintiffs' claims would be significantly diminished, if not extinguished. This factor weighs in favor of approval of the proposed settlement.

Next, the Court must determine whether Defendants could withstand a greater judgment. As Plaintiffs point out in their memorandum supporting the application for approval, even if Plaintiffs were to obtain a greater judgment, it is not likely that Defendants financial condition would permit them to collect on it. The proposed settlement is funded with a structured payment schedule which will more likely guarantee payment to Plaintiffs. This factor weighs in favor of approval of the proposed settlement.

Finally, the Second Circuit has held that a settlement is appropriate if it is in a "range which recognizes the uncertainties of law and fact in any particular case and the concomitant risks and costs necessarily inherent in taking any litigation to completion." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 119 (quoting *Newman v. Stein*, 464 F.2d 689, 693 (2d Cir. 1972). The Court finds that the guaranteed payment to each litigant outweighs the risks of litigation, including having the collective action decertified, or losing on the merits or on appeal. The proposed settlement recognizes the difference

between hourly employees (included in the class) and offers a multiplier for the tipped employees. This factor weighs in favor of approval of the proposed settlement.

After considering the factors in *Grinnell*, the Court determines that the proposed settlement is fair and ought to be approved. Turning to Rule 23, the Court also determines that the proposed class should be certified. The class exceeds 1,500 members, meeting the necessity requirement. Questions of law or fact are common among the class members. The class representatives' claims are typical of those of the class. Class counsel's representation of Plaintiffs has been suitable and the representative Plaintiffs have the same types of interest and have suffered the same types of injuries as the class. Finally, no evidence before the Court indicates that any member of the proposed class seeks to individually control his case, nor is there evidence that any other actions are pending by a member of the potential class.

With regard to the collective action, the Court determines that the proposed collective class should be certified. The FLSA collective class has already been preliminary certified by the Court. Inasmuch as there has been no motion to decertify the collective class, and the parties have resolved the issues in a proposed settlement, it is appropriate to certify the collective class pursuant to 29 U.S.C. § 216(b).

The Court now turns to an assessment of requested counsel fees and expenses for class counsel. In *Goldberger f. Integrated Res.*, 209 F.3d 43 (2d Cir. 2000), the Second Circuit set out the following factors to consider:

(1) the time and labor expended by counsel;

(2) the magnitude and complexities of the litigation;

(3) the risk of the litigation . . .;

(4) the quality of representation;

4

(5) the requested fee in relation to the settlement; and

(6) public policy considerations.

*Wal-Mart Stores, Inc.*, 396 F.3d at 122 (quoting *Goldberger*, 209 F.3d at 50) (citation omitted).

Plaintiffs' counsel has provided an affidavit showing the total amount of hours spent in the case by counsel and administrative staff with a breakdown of hours by category. Mullin Decl., Jul. 12, 2016, ECF No. 17. For attorney work, Plaintiffs are requesting $19,650 for 92.1 hours of work, which amounts to an hourly rate of $213.36. Further, they are requesting two hours of administrative (non-attorney) work at $175 per hour, for a total of $350. Both are reasonable.

Regarding counsels' request for approval of the service payments to the two named plaintiffs of $2,000 each, and administrative expenses, the Court finds those to be reasonable and approves of them. Further, the Court grants preliminary approval of the releases of claims as set forth in the settlement agreement.

In conclusion, the Court grants Plaintiffs' application for final approval of the class and collective action settlement, ECF No. 16, as well as the attorney fees and administrative fees and costs.

DATED:   July 26, 2016
         Rochester, New York

                                          _____
                                          CHARLES J. SIRAGUSA
                                          United States District Judge